## ELIZA M. BADGER *v.* SETH W. BENEDICT.

Separate causes of action, arising out of breach of contract, and injuries to property the subject of the contract, entrusted to another to enable him to perform it, may properly be joined as arising out of one transaction.

*So held* upon demurrer, in a case where E. M. B., by her complaint, claimed to recover of S. W. B. for a breach of a contract to publish a book from certain stereotype plates, delivered; for the loss of the plates by S. W. B. through his gross carelessness and negligence; for the moneys advanced to him upon the contract by E. M. B.; for the damages arising from his delay in the publication, and for the additional expense over the contract price, in subsequently publishing the book.

An omission to comply with the rule, requiring each cause of action to be numbered and separately stated, is not the subject of a demurrer. *Per* BRADY, J.

APPEAL from an order at special term overruling a demurrer by the defendant to the complaint in the action.

The complaint alleged that about January 1st, 1854, the plaintiff made a contract with the defendant, whereby the defendant agreed to furnish paper for, and to print and bind for the plaintiff, within thirty days, 2,000 copies of a book of memoirs, for the price and at the rate of $271 for each thousand copies, payable at three months from the completion of the work.

That, in accordance with and for the purpose of fulfilling the contract, the defendant received into his possession, from the plaintiff, the stereotype plates of the memoir of the value of $500.

That after so receiving them he neglected to fulfil the contract, and afterwards refused to fulfil it, unless the plaintiff would advance thereon about $200.

That, accordingly, the plaintiff did, about March 1st, 1854, advance thereon to the defendant $188, but after receiving the money defendant refused to fulfil, or to return the plates or the moneys thus advanced.

That by the defendant's gross carelessness and negligence in keeping the stereotype plates, previous to March, 1854, and by his breach of the contract, caused them to be destroyed, so that they were entirely lost to the plaintiff, and by reason of which she was put to a great additional expense in printing the 2,000 copies agreed on, viz., $298, and was also subjected to other expense and damage by reason of the delay in the publication, in consequence of which the sale of the book was greatly injured. Such damages, in the whole, amounted to at least $1,000, for which judgment was demanded.

The demurrer specified, as a single ground of objection, that it appeared upon the face of the complaint that several causes of action were improperly united.

Judge Brady, at special term, overruled the demurrer, giving judgment for the plaintiff thereon. His reasons were stated as follows:

BRADY, J.—This is an action to recover damages for a violation of an agreement to furnish paper for, and to print and bind a memoir, and for damages for the destruction of the stereotype plates of the memoir delivered by the plaintiff to the defendant, for such printing, &c. The causes of action, namely, the violation of the contract, and the cause arising from the destruction of the plates, are not separately stated, the pleader regarding the whole as constituting a single cause of action. The defendant demurs, assigning as a ground of demurrer, that several causes of action have been improperly recited, and insists that if the causes of action have been properly recited, they are not separately stated, and that the complaint is demurrable for that reason.

In reference to the first objection, there is little difficulty. The Code, section 167, allows a plaintiff to unite several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they shall arise out of the same transaction or transactions connected with the same subject of action, but requires them to be separately stated. Although the tort might be waived, and the value of the chattels claimed as an indebtedness upon an implied contract to pay for them (7 Pr. R. 278), and thus bring that branch of the case within the class to which the other branch relates, yet, the causes of action must be separately stated. In this case, however, I think the causes of action, without reference to the manner of stating them, and without reference to the necessity of expressing an election in terms between the tort for the destruction of the plates, and the implied assumpsit for their value, must be regarded as arising out of the same transaction, and, there-

fore, properly unitable in one action. The difficulty, however, is occasioned by the objection that the causes of action are not separately stated. This is said to be the subject of demurrer in *Durkee* v. *S. and W. R. R. Co.*, 4 Pr. R. 226, per Willard, Justice; and the doctrine is recognized by him again in *Pike* v. *Van Normer*, 5 Pr. Rep. 172; also in *Getty* v. *Hudson R. R. Co.*, 8 ibid. 177, per Harris, Justice; and is recognized by him in *Strauss* v. *Parker*, 9 Pr. Rep. 342; and reasserted in *Van Namee* v. *People*, ibid. 198; it also recognized in *Moon* v. *Smith*, 10 How. Pr. Rep. 361, per Dean, Justice, but not acted upon because the demurrer did not assign specifically, as a ground of demurrer, that the causes of action were not separately stated. Contra to these are *Peckham* v. *Smith*, 9 Pr. Rep. 436, Bacon, Justice; *Robinson* v. *Judd*, ibid. 378, Marvin, Justice; and *Gooding* v. *McAllister*, ibid. 123, Welles, Justice—these cases deciding that the demurrer provided by the fifth subdivision of section 144 of the Code has reference to the character or classes of actions, and not to the manner of stating them; and, that advantage can only be taken of the defect by motion to make the complaint more definite and certain. The Supreme Court seems thus to be equally divided on the question—three justices being arrayed on either side—and it cannot be disposed of by weight of authority. Under the old system, a demurrer could be interposed for insufficiency of form or substance, and if the imperfection in form was expressed in the demurrer and demonstrated, the demurrer prevailed (Graham's Pr. 604; 2 R. S. 352, § 4), although the declaration contained enough in substance to entitle the plaintiff to judgment. Unless that practice be sustained under-the Code, the omission to state causes of action separately cannot be the subject of demurrer, because it affects the form only of the pleading. I am aware that rule 86 of the Supreme Court requires in all cases of more than one distinct cause of action, defense, counter-claim or reply, that the same shall not only be separately stated, but plainly numbered; but the consequences of the omission are not provided for by the rule itself. By section 176 of the Code, the court are required at every stage

of an action to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and the application of that section would seem to impose upon courts the duty to disregard a mere matter of form. By section 140 all forms of pleadings previously existing are abolished, and thereafter, the forms of pleadings in courts of record, and the rules by which the sufficiency of the pleadings is to be determined are those prescribed by the Code. The sufficiency of the pleading under consideration is not questioned, but the form or manner of stating it is, and section 144 does not in any of its subdivisions provide against defects of form by demurrer. The fifth subdivision authorizes a demurrer, when several causes of action have been improperly united, and unless that means improperly united by being improperly stated, it has no application to cases where the union of causes of action is correct, but the manner of stating them is improper. It is true that under section 160, when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge is not apparent, the court may require the pleading to be made definite and certain by amendment; but I submit that it might be regarded as an unnecessary exercise of power under this section, to order an amendment by separately stating merely what was *not* indefinite or uncertain. Thus, there arises a difficulty in applying the rule established by either of the class of cases which I have cited ; and I feel called upon to regard the rule of the Supreme Court as the paramount consideration in this and kindred cases. That rule requires, as we have seen, the causes of action to be separately stated and numbered; and the omission to comply with it must be regarded as conferring upon the adverse party the right by motion to secure a statement of the causes of action separately with the costs of the motion. Whatever doubt may exist about the propriety of a demurrer for the omission referred to, there can be no doubt that the rule mentioned requires a separate statement of distinct causes of action, and that the practical application of the rule will be to facilitate the trial of issues. There can be no doubt either, that

the rules of the court should be enforced in all cases, and a departure from them punished, unless some forcible reason be shown to the contrary. For the reasons assigned, I think the omission to state several causes of action separately cannot be the subject of demurrer, and that the plaintiff is entitled to judgment. Ordered accordingly, with leave to the defendant to withdraw the demurrer, and to answer in twenty days, on payment of costs of the issue of law.

The defendant appealed.

*William H. Scott,* for the appellant.

*William W. Badger,* for the respondent.

INGRAHAM, FIRST JUDGE.—The demurrer only states one ground for demurring, viz.: that, in the complaint, several causes of action are improperly joined together. All the causes of action stated in the complaint arise out of one transaction, viz.: for printing a book for the plaintiff, from stereotype plates furnished by her.

The complaint sets out the contract and the payment of money on account of it; that the defendant neglected to perform his contract, suffered the plates to be destroyed, and thereby exposed the plaintiff to loss and damage.

There is nothing in this complaint but what may be said to be founded on contract. The defendant was bound by his agreement to print the book, to take care of the plates, and to return them to the owner; and when he violated all or any of these obligations, he violated the contract. It does not follow, because the plaintiff might have instituted an action for the tort occasioned by the defendant's negligence, that she may not, if she so elects, seek her redress in an action upon the implied contract. She may elect either, and is not confined to the remedy for the tort. These causes of action all arise out of one transaction, and may all be said to be founded on the contract. The 167th section of the Code allows them to be united together.

It is unnecessary to decide whether an omission to state causes of action separately is a ground of demurrer, because no such ground is stated in the demurrer in this case, and is not, therefore, available. Sect. 145.

Order at special term affirmed, with costs.